**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROLAND ROBERT CARLSON,**

**Plaintiff,**

**-vs-**                                              **Case No.  6:07-cv-1129-Orl-19UAM**

**GEORGE W. BUSH, UNITED STATES OF**
**AMERICA, CONGRESS, et.,**
**COMMISSIONER OF INTERNAL**
**REVENUE SERVICE, MARK W.**
**EVERSON, THE SECRETARY**
**TREASURY, HENRY M. PAULSON, JR.,**

**Defendants.**

_____

**ORDER**

This case comes before the Court on the following:

1)      Defendant's Motion To Dismiss And Memorandum In Support (Doc. No. 11, filed

Sept. 21, 2007); and

2)      Plaintiff's Motion For Leave To File First Amendment To Complaint (Doc. No. 16,

filed Oct. 2, 2007).

**Background**

On July 5, 2007, Plaintiff Roland Robert Carlson filed a Complaint against: (1) President

George W. Bush; (2) the United States of America;[1] (3) all Members of Congress in both their

---

[1]      It is not clear from the face of the Complaint whether Plaintiff has included the
United States as a defendant or whether the caption text "United States of America"
is part of the title of President Bush.  (*See* Doc. No. 1 at p. 1.)  Construing the
allegations of the Complaint in the light most favorable to Plaintiff, the Court will
assume that Plaintiff intended to include the United States as a defendant.

personal and official capacities;[2] (4) the Commissioner of the Internal Revenue Service ("IRS"); (5) Mark W. Everson, former Commissioner of the IRS, in both his personal and official capacities; and (6) Secretary of Treasury Henry M. Paulson, Jr. in both his personal and official capacities.  (Doc. No. 1 at p. 1, filed July 5, 2007.)  There are numerous sections of Plaintiff's Complaint, including a "Preface," "Resurection (sic) of Birth Powers," "Warning," and "Questions To Be Answered By The Defendants."  (*Id.* at p. 29.)  In the section labeled "Complaint," Plaintiff asserts authority under the First Amendment to bring this action to remedy violations of the Constitution.  (*Id.* at p. 13.) Specifically, he alleges violations of Article I, Section 8, Clause12; Article II, Section 1, Clause 8; Article IV, Section 4; and the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Sixteenth Amendments.  (*Id.* at pp. 12-13.)

The crux of Plaintiff's argument seems to be that he has been subject to federal income taxes which: (1) violate the Fifth Amendment guarantee of Due Process; (2) violate the Thirteenth Amendment prohibition against involuntary servitude; (3) fall outside of the scope of the Sixteenth Amendment; and (4) constitute an unlawful taking.  (*Id.* at pp. 17-19.)  Specifically, Plaintiff alleges that the IRS has placed a lien on his real property, deducted $85.95 from his Social Security Benefits Payment for three months in 2003, and threatened to pursue further action to recover the unpaid portion of Plaintiff's 2003 federal income taxes.  (*Id.* at p. 14.)

According to Plaintiff, this all came about when he applied for a Social Security Card and his legal name was somehow changed to all-capital letters.  (*Id.* at pp. 3-4.)  This allegedly transformed his legal identity into that of a corporation.  (*Id.*)  As a result of this identity change, he

---

[2]    The Court infers this meaning from the text "Congress et, All Personal and official capacity."

claims he is mistakenly being taxed for corporate income when in reality there is "no capital gain from the fruits of [his] labor." (*Id.* at p. 5.) Accordingly, Plaintiff seeks a "Resurection (sic) of Birth Powers." (*Id.* at p. 6.)

Defendant moves to dismiss Plaintiff's Complaint under Federal Rules of Procedure 12(b)(1) and 12(b)(6). (Doc. No. 11 at p. 1, filed Sept. 21, 2007.) Plaintiff has filed no response to this Motion.[3] Instead, Plaintiff has filed a Motion for leave to file an amended complaint. (Doc. No. 16, filed Oct. 2, 2007.)

## Standard of Review

### I.    Jurisdictional Arguments Under 12(b)(1)

Subject matter jurisdiction must be affirmatively shown in the record before a court may consider the merits of any case. *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds upon which the court's jurisdiction depends. . . ." Fed. R. Civ. P. 8(a)(1). If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant can move to dismiss the complaint under Federal Rule of Civil Procedure12(b)(1). *E.g.*, *Leisure v. Hogan*, 21 Fed. App'x 277, 278 (6th Cir. 2001); *Anderson v. United States*, 245 F. Supp.2d 1217, 1221 (M.D. Fla. 2002).

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either a facial or a factual challenge to a court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29

---

[3]     Failure to oppose a dispositive motion raises an inference that the party does not object to such motion. *E.g.*, *Freshwater v. Shiver*, No. 6:05-cv-756, 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005).

(11th Cir. 1990).  In a facial challenge, a court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *Id*. at 1529.  In a factual challenge, a court must determine if it has power to hear the case.  *Id*.  A court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims.  *Id*.

## II.    Sufficiency of the Pleadings Arguments Under 12(b)(6)

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from such pleading.  *E.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds).  The Court must limit its consideration to this pleading and the written instruments attached to it as exhibits. Fed. R. Civ. P. 12(b); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

## Analysis

The Court may dispose of several of Plaintiff's claims based on facially inadequate aspects of Plaintiff's Complaint.  While Plaintiff has filed a laundry list of Constitutional violations, he has only pled facts applicable to his Fifth, Thirteenth, and Sixteenth Amendment claims.  (*See* Doc. No. 1.)  Plaintiff has not made any statements showing he is entitled to relief, as required under Federal Rule of Procedure 8(a)(2), for his claims under the other Constitutional provisions.  Therefore, the Court dismisses all of Plaintiff's claims, except for those under the Fifth, Thirteenth, and Sixteenth

Amendments which are analyzed further below, for failure to state a claim upon which relief may be granted.

## I.     Absolute Immunity

Plaintiff has included in his Complaint claims against President George W. Bush and Members of Congress.  (Doc. No. 1 at p. 1.)  The United States Supreme Court has held that the President of the United States has absolute immunity to suits for money damages for acts done while carrying out the presidency.  *Nixon v. Fitgerald*, 457 U.S. 731, 749-56 (1982).  Furthermore, a court may not enjoin the President in the performance of his official duties.  *Franklin v. Massachusetts*, 505 U.S. 788, 802-03 (1992); *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 501 (1866); *Swan v. Clinton*, 100 F.3d 973, 976-77 (D.C. Cir. 1996).  The Speech and Debate Clause guarantees to Members of Congress acting in their legislative capacity an absolute immunity to all suits.  U.S. Const. Art. I, § 6, cl. 1; *Eastland v. U. S. Servicemen's Fund*, 421 U.S. 491, 501-503 (1975).

Plaintiff bases his claims on the official acts of President Bush and Members of Congress. (*See* Doc. No. 1.)  For example, Plaintiffs claims that he "finds fault with [President Bush's] execution to his oath."  (*Id.* at p. 13.)  He further alleges:

> The [former] Commissioner, Mark W. Everson of the Internal Revenue Service, that has been placed into official capacity by one of the Presidents of the U.S.A. and approved by Congress all responsible for the proper conduct exercised by Mark W. Everson today, have shown to [Plaintiff] that fraud due to extortion has and is existing against [Plaintiff] from the Defendants allowing the tax on labor to be compelled out of him by coercion of threats to levy and lean his personal properties.

(*Id.* at p. 16; *see also id.* at p. 18.)  Because Plaintiff's allegations are based entirely on official acts, absolute immunity attaches, and Plaintiff cannot bring any of his claims against Members of Congress or the President.  Therefore, the Court must dismiss with prejudice all of Plaintiff's claims against Congress and the President as absolutely barred.

II.      **Sovereign Immunity**

Long ago, the Supreme Court established that the United States is immune from suit without its prior consent.  *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 411-12 (1821); *see also, e.g.*, *Hercules, Inc. v. United States*, 516 U.S. 417, 422-23 (1996).  Therefore, courts have no jurisdiction over the United States absent clear Congressional authorization.  *E.g.*, *United States v. Shaw*, 309 U.S. 495, 500-01 & n. 18 (1940).  Since the party asserting federal subject matter jurisdiction bears the burden of proving its existence, a plaintiff bringing a claim against the United States must plead subject matter jurisdiction.  *E.g.*, *Sweet Pea Marine, Ltd.*, 411 F.3d at 1247.  More specifically, a plaintiff suing the United States must: (1) specify in the Complaint under which statute he or she sues; and (2) demonstrate that the statute clearly waives sovereign immunity.  *E.g.*, *Ivey v. Paulson*, 222 F. App'x 815, 820 (11th Cir. 2007); *Powers v. United States*, 996 F.2d 1121, 1124 (11th Cir. 1993); *Rhodes v. United States*, 760 F.2d 1180, 1184 (11th Cir. 1985).

Suits against federal government officials in their official capacities are treated as suits against the federal government itself.  *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).  As the Supreme Court has held, "[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents . . . ."  *Id.*; *see also Ivey*, 222 F. App'x at 820 (holding that a federal official cannot be sued in his official capacity unless Congress waives sovereign immunity).

In this case, Plaintiff has not alleged anywhere in his Complaint that his claims fall under statutes that waive the sovereign immunity of the United States.  (*See* Doc. No. 1.)[4]  Absent this

---

[4]      Nor does it seem that Plaintiff could make such allegations, as Defendants' Motion to dismiss correctly argues.  (*See* Doc. No. 11.)  In their Motion, Defendants have

(continued...)

initial pleading of the Court's jurisdiction over the United States of America, the Commissioner of the IRS in her official capacity, Mark W. Everson in his official capacity, and Secretary Henry M. Paulson, Jr. in his official capacity, the Court has no authority to consider Plaintiff's claims against these Defendants.  Fed. R. Civ. P. 8(a)(1); *Sweet Pea Marine, Ltd.*, 411 F.3d at 1247.  Therefore, the Court must dismiss Plaintiff's claims against the United States of America, the Commissioner of the IRS in her official capacity, Mark W. Everson in his official capacity, and Secretary Henry M. Paulson, Jr., in his official capacity.

### III.     Adequacy of the Pleadings

The Court is left with Plaintiff's claims against the Commissioner of the IRS, Mark W. Everson, and Secretary Henry M. Paulson, Jr. in their individual capacities.  The Court will consider whether Plaintiff has sufficiently pled claims for either prospective relief or damages against these defendants.

#### A.     Claims for Prospective Relief

##### 1.     Declaratory Judgment

The Declaratory Judgment Act permits "any court of the United States" to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (2006).  However, the Act explicitly excludes any matters "with respect to Federal taxes."[5]  *Id.*  Plaintiff here is seeking a declaration as to the

---

[4](...continued)
attempted to match Plaintiff's arguments with the closest applicable statutes, and have demonstrated under each that sovereign immunity has not been waived. (*Id.* at pp. 8-17.)

[5]     Defendants correctly point out: "Although the Declaratory Judgment Act excepts from this prohibition 'actions brought under section 7428 of the Internal Revenue (continued...)

unconstitutionality of federal income taxes.  (Doc. No. 1 at pp. 21-22.)  This falls squarely within the exception of the Declaratory Judgment Act.  Therefore, the Court may not render declaratory judgment as to any of Plaintiff's claims.

## 2. Injunctive Relief

The Administrative Procedures Act permits injunctive relief against the United States and its officers.  5 U.S.C. § 702 (2006).  However, this Act must be read in conjunction with the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a) (2006).  This Act states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."  *Id.*  The Supreme Court has recognized a limited exception to this rule, finding that such a suit may be brought if "it is clear that under no circumstances could the Government ultimately prevail" and "equity jurisdiction otherwise exists."  *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962).

To the extent Plaintiff is seeking an injunction against any further collection or assessment of taxes, Plaintiff's claims fall within the prohibition of the Tax Anti-Injunction Act.  Therefore, the Court must consider whether the *Enochs* exception applies.  This involves a determination of whether it is clear that under no circumstances could the Government ultimately prevail.

Plaintiff's grounds for seeking an injunction appear to be: (1) only income may be taxed under the Sixteenth Amendment; (2) his labor wages are not income; and (3) taxation on his wages subjects Plaintiff to involuntary servitude under the Thirteenth Amendment.  (Doc. No. 1 at pp. 17-

---

[5](...continued)
> Code of 1986,' section 7428 does not apply because it addresses declaratory judgments relating to the status and classification of organizations under 26 U.S.C. § 501(c)(3)."  (Doc. No. 11 at p. 8, n. 6.)

19.)  First, the Court considers Plaintiff's arguments that only income may be taxed under the Sixteenth Amendment and labor wages are not income.  The law clearly defines "gross income" for federal income tax purposes to include "compensation for services."  26 U.S.C. § 61(a)(1) (2006). Labor wages are considered "compensation for services" and therefore are taxable income.  *E.g.*, *Biermann v. Comm'r of Internal Revenue*, 769 F.2d 707, 708 (11th Cir. 1985) (per curiam), *rehearing denied*, 775 F.2d 304 (11th Cir. 1985).  Therefore, the Court cannot find that it is clear that under no circumstances the Government could ultimately prevail.

Next, the Court considers whether taxation on Plaintiff's wages subjects him to involuntary servitude as prohibited by the Thirteenth Amendment.  The constitutionality of federal income taxes on wages has been long upheld.  *E.g.*, *Stanojevich v. United States*, 229 F. App'x 769, 771 (10th Cir. 2007); *Anderson v. Comm'r of Internal Revenue*, 1 F.3d 1240, 1993 WL 303357, at *1 (6th Cir. Aug. 9, 1993).  The argument that such taxation subjects taxpayers to involuntary servitude has been repeatedly rejected.  *E.g.*, *Stanojevich*, 229 F. App'x at 771; *Anderson*, 1993 WL 303357, at *1. Therefore, the Court again cannot find that it is clear that under no circumstances the Government could ultimately prevail.  The *Enochs* exception does not apply, and the Court may not issue any injunctions against Defendants.

### B.    Claims for Damages

The Supreme Court has recognized a cause of action for damages against federal officials in their individual capacities who have acted in violation of the Constitution.  *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971); *Ivens*, 222 F. App'x at 820. However, the Supreme Court has further found that a so-called *Bivens* action will not be permitted where "Congress provides an alternative remedy" and there are "special factors counseling

hesitation." *Bush v. Lucas*, 462 U.S. 367, 377, 388-89 (1983).  Special factors counseling hesitation will be present where there is a history of development of legislative remedies and the available remedies are comprehensive.  *Id.* at 388.  As the Supreme Court has held, "When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies."  *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988).

The United States Code and the Internal Revenue Code offer extensive, comprehensive remedial schemes for persons who dispute their tax assessments, collections, or liens.  *E.g.*, 26 U.S.C. §§ 7422, 7431-33 (2006); 28 U.S.C. §§ 2410, 1346(a)(1) (2006).  Courts have found that these statutory remedies preclude recognition of a separate *Bivens* action in matters of taxation disputes.  *E.g.*, *Fishburn v. Brown*, 125 F.3d 979, 982-83 (6th Cir. 1997) (collecting cases); *Brewer v. Comm'r of Internal Revenue*, 435 F. Supp. 2d 1174, 1176-78 (S.D. Ala. 2006) (collecting cases).  Since Plaintiff's claims all involve the assessment and collection of federal income taxes against him, there are special factors counseling hesitation, and the Court must deny Plaintiff's remaining constitutional claims.  Plaintiff must pursue the administrative and statutory remedies outlined in the United States Code.  *E.g.*, 26 U.S.C. §§ 7422, 7431-33; 28 U.S.C. §§ 2410, 1346(a)(1).

## Conclusion

Based on the foregoing, the Court **GRANTS** Defendants' Motion to dismiss without prejudice, except that all claims against Members of Congress and President George W. Bush are barred by absolute immunity and therefore are dismissed with prejudice.  (Doc. No. 11.)  Plaintiff may file an amended complaint that comports with this Order within ten (10) days from the date of this Order.  Failure to comply with this Order will result in dismissal of this case without further

notice.  The Court **DENIES** Plaintiff's pending Motion for leave to file an amended complaint as

moot.  (Doc. No. 16.)

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October  17  , 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party