UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROLAND ROBERT CARLSON,**

                **Plaintiff,**

-vs-                                          Case No.  6:07-cv-1129-Orl-19UAM

**GEORGE W. BUSH, UNITED STATES OF AMERICA, CONGRESS, et., COMMISSIONER OF INTERNAL REVENUE SERVICE, MARK W. EVERSON, THE SECRETARY TREASURY, HENRY M. PAULSON, JR.,**

                **Defendants.**

## ORDER

This case comes before the Court on Defendants' Motion To Dismiss Plaintiff Roland Robert Carlson's Amended Complaint And Memorandum Of Law In Support (Doc. No. 20, filed Nov. 13, 2007.) Plaintiff has not filed a response. The Court dismissed Plaintiff's first Complaint for failure to establish subject matter jurisdiction and failure to state a claim upon which relief may be granted. (Doc. No. 17, filed Oct. 18, 2007.) In its Order, the Court gave a detailed explanation of the defects in Plaintiff's Complaint, discussing the concepts of absolute and sovereign immunity, the statutory requirements of the Declaratory Judgment Act and the Administrative Procedures Act, and the case law requirements of a *Bivens* cause of action. (*Id.* at pp. 5-10.) The Court also dismissed Plaintiff's claims against Members of Congress and President George W. Bush with prejudice, as they are barred by absolute immunity. (*Id.* at p. 10.) While the Court gave Plaintiff leave to amend his

Complaint, the Court also warned that "[f]ailure to comply with this Order will result in dismissal of this case without further notice."  (*Id.* at pp. 10-11.)

In his Amended Complaint, Plaintiff does little more than add three additional defendants and include information about the most recent deductions from his Social Security checks.  (Doc. No. 19 at pp. 3, 13, 23-25, 33-35, filed Oct. 26, 2007.)  The new defendants are Linda Stiff and Keven (sic) M. Brown, current and former Commissioners of the Internal Revenue Service, and attorney Benjamin L. Tompkins.  (*Id.* at p. 3.)  Plaintiff sues these new defendants in their individual capacities.  (*Id.* at p. 1.)

The Court has previously explained the requirements under *Bivens* for claims for damages against Federal officials in their individual capacities.  (*Id.* at pp. 9-10.)  As this Court held in its prior Order, Plaintiff may not bring a *Bivens* cause of action against the current or former Commissioners of the Internal Revenue Service.  (*Id.* at p. 10.)  Plaintiff instead must "pursue the administrative and statutory remedies outlined in the United States Code" for claims involving "the assessment and collection of federal income taxes against him."  (*Id.*)

Plaintiff's claims against Attorney Tompkins, the counsel of record for Defendants in this case, are entirely unfounded.  The sole factual basis of his claim is that "Attorney Tompkins has made a motion to dismiss on grounds that this Court should dismiss Carlson,s (sic) Complaint for lack of subject matter jurisdiction."  (*Id.* at p. 3.)  Plaintiff argues that "Attorney Tompkins is contributing his education to back up what the other defendants are being charged with depriving (R.R.C.) from constitutional rights to 100% percent (sic) of his property deprived from his labor."

(*Id.* at p. 25.)  The Court cannot discern any cause of action from these claims and further admonishes Plaintiff that an attorney may not be held liable for merely filing a motion to dismiss.[1]

For the remaining allegations in Plaintiff's Complaint, the Court observes that Plaintiff has not made a colorable alteration to his original Complaint.  (*Compare* Doc. No. 1 *with* Doc. No. 19.)  The Court therefore must dismiss Plaintiff's Amended Complaint for the same reasons that it dismissed Plaintiff's first Complaint.  (*See* Doc. No. 17.)

Based on the foregoing, the Court will grant Defendants' Motion to Dismiss without prejudice.  (Doc. No. 20.)  Plaintiff may file an amended complaint that comports with this Order and the Order at Docket Number 17 within ten (10) days from the date of this Order.  However, Plaintiff is cautioned that as he has been granted leave to amend on two (2) separate occasions, no further amendment of pleadings will be allowed after the next amended complaint is filed if it does not comport with the Orders of the Court here and previously entered in this case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December  4 , 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] In Florida, "[p]arties, witnesses and counsel are accorded absolute immunity as to civil liability with regard to what is said or written in the course of a lawsuit, providing the statements are relevant to the litigation."  *Stucchio v. Tincher*, 726 So.2d 372, 374 (Fla. 5th DCA 1999); *see also Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994) ("absolute immunity must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding").

Copies furnished to:
Counsel of Record
Unrepresented Party